IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBIN PARKER, ET AL., | § | |
|     PLAINTIFFS, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-592-X-BK |
| | § | |
| STATE OF TEXAS, ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was automatically referred to the United States Magistrate Judge for case management. On March 14, 2025, Plaintiffs filed an *Amended Emergency Motion for Temporary Restraining Order* (TRO). Doc. 29.

Plaintiffs seek to correct deficiencies in their first motion for TRO. They allege that a TRO is needed "to prevent ongoing irreparable harm caused by fraudulent child support enforcement, wrongful custody orders, constitutional violations, and retaliation for exposing systemic fraud." Doc. 29 at 1. Plaintiffs aver under penalty of perjury that they have now notified all Defendants. Doc. 29 at 1-2; Doc. 30 at 1-14; Doc. 32.

Federal Rule of Civil Procedure 65(b)(1) provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1).

Additionally, the Court may grant a temporary restraining order only when the movant establishes *each* of these elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citation omitted).

Plaintiffs have again failed to provide specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result. Plaintiffs also address none of the factors outlined in *Janvey*, much less establish that they weigh in favor of issuing a temporary restraining order. While they allege they are suffering financially, they omit any discussion of the remaining elements — their likelihood of success on the merits, whether the threatened injury outweighs any harm that will result if the injunction is granted, and whether an injunction will serve the public interest. *Janvey*, 647 F.3d at 595.

Thus, having failed to meet the legal requirements of Rule 65(b)(1), Plaintiffs' amended motion for TRO should be **DENIED**.

**SO RECOMMENDED** March 28, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).