UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBIN PARKER et al., § | |
| § | |
| *Petitioner*, § | |
| § | Civil Action No. 3:25-cv-0592-X-BK |
| v. § | |
| § | |
| STATE OF TEXAS et al. § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Robin Parker and LaParis Davis seek a temporary restraining order (TRO) to enjoin "fraudulent child support enforcement, wrongful custody orders, constitutional violations, and retaliation against Plaintiffs for exposing systemic fraud."[1] The United States Magistrate Judge made findings, conclusions, and recommendations (FCRs) regarding a TRO. (Docs. 28). A day after the Magistrate Judge's first FCR, which recommended denying the plaintiffs' motion due to its lack of any specific facts, Parker and Davis filed an amended motion for a TRO. (Doc. 29). The Magistrate Judge then issued an FCR on the amended request (Doc. 34), and the plaintiffs filed an objection (Doc. 36).

After reviewing the FCR and conducting a *de novo* review of the portions to which Parker and Davis object, the Court now **ACCEPTS** the FCR and **DENIES** the request for a TRO.

---

[1] Doc. 20 at 1.

1

I.   *De novo* TRO review

To obtain a TRO, a plaintiff must plead "specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[2]  "An injunction is appropriate only if the anticipated injury is imminent and irreparable."[3]   Parker and Davis's objection to the second FCR attempts to remedy their first and second motions' lack of specific facts.

In their objection, Parker and Davis renew their request for a TRO and provide more facts than in either of their previous motions.   However, in addition to pleading specific facts, a plaintiff seeking a TRO must establish "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest."[4]   To warrant a TRO, the movant must meet the burden as to each of these four elements.[5]

As to the first element, Parker and Davis fail to establish substantial likelihood of success on the merits, as the Magistrate Judge's FCR on the merits of the plaintiffs' case analyzes at Doc. 33.   Parker and Davis's claims seeking relief from state-court

---

[2] Fed. R. Civ. P. 65(b)(1).

[3] *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir.).

[4] *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997); *see also Winter v. Nat. Res. Def. Couns., Inc.*, 555 U.S. 7, 20 (2008).

[5] *Kidd v. Dir. Of Fed. Bureau of Prisons*, 2020 WL 759298, at *3 (N.D. Tex. Feb. 14, 2020).

judgments are subject to the *Rooker-Feldman* doctrine, as the FCR explains. The doctrine precludes a federal district court from "modify[ing] or revers[ing] state-court judgments except when authorized by Congress."[6]

Additionally, Parker and Davis cannot bring pro se *qui tam* claims under the False Claims Act.[7] As to their claims on behalf of their minor daughter, E.D., their most recent amended complaint lists the child as a plaintiff. This remedies the issue that Parker and Davis cannot represent E.D. pro se. However, the FCR further identifies that Parker and Davis's personal injury and civil rights claims are time barred.

As to the second element, the plaintiffs allege various non-monetary harms, including an upcoming hearing in state court over a 2016 order, lack of access to E.D.'s medical records from 2013 to 2023, and emotional and psychological harm from a decade of state-court legal proceedings and being excluded from E.D.'s medical decisions and care. However, the only imminent harm is the May hearing, which is not actually a harm. A hearing in state court is the path to a potential remedy for the state-court order that Parker and Davis argue is incorrect. Otherwise, Parker and Davis do not plead any imminent harm that requires the extraordinary remedy of a TRO to prevent.

Therefore, having fallen short of the first two requirements to obtain a TRO,

---

[6] *Raggio-2204 Jesse Owens, L.L.C. v. Hathaway*, 2022 WL 3572694, at *2 (5th Cir. Aug. 19, 2022).

[7] *See* Doc. 33 at 6 (citing *United States ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017)).

3

Parker and Davis are not entitled to a TRO.

## II.   Conclusion

The District Court reviewed *de novo* those portions of the FCR to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and **DENIES** Parker and Davis's request for a temporary restraining order. (Doc. 29).

**IT IS SO ORDERED** this 17th day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE